CHARLES E. WILEY, APPELLANT, v. GERTRUDE M. WILEY ET AL., APPELLEES.

FILED JUNE 21, 1895. No. 6168.

Quieting Title: DECREE FOR DEFENDANT: SUFFICIENCY OF EVIDENCE: REVIEW. The evidence in this case examined, and *held* sufficient to sustain the findings and decree of the district court.

APPEAL from the district court of Cass county. Heard below before CHAPMAN, J.

*M. A. Hartigan,* for appellant.

*A. N. Sullivan, contra.*

RYAN, C.

The appellant in this case brought an action in the district court of Cass county against his brothers and mother and sisters for a decree which would vest in himself the title to a certain described 160 acres of land. His allegations and testimony were that in 1877 his father, since deceased, placed him in possession of the land and agreed to convey it to him ; that until the death of his father in April, 1886, and afterward until the commencement of this action, he had continuously retained the possession given him by his father, and as expectant owner had made valuable and permanent improvements. In respect to some of these facts his witnesses corroborated his testimony,—the continuity of his possession, however, they rendered doubtful. It was not disputed that the appellant's father left a will which was duly probated without objection on the part of the appellant. This will bore date August 23, 1878, and was probated on the 18th of February, 1887. By its terms there was devised to appellant the tract involved in this litigation. This, however, was subject to the use and full control of said land by appellant's mother during her life. The testimony which was at all corroborative of that of the appellant was that his father had frequently said that he designed this land for appellant and accordingly had placed him in possession of it, but that he did not intend that appellant should be vested with the ownership while his parents were living. It is more than doubtful whether this last statement of the ancestor was corroborative of the claim of the appellant, for it was as consistent with the provisions of the will as with appellant's theory, and perhaps more so. The testimony of appellant's mother

was that her husband placed appellant in possession of the land in controversy and gave him the use of it, and that during the lifetime of her husband he frequently spoke of his son's bad management and said he ought to have a guardian; that on this account the title was withheld, and to be withheld, until the death of both appellant's father and mother; that her husband while he lived paid the taxes on said land, and after his death she had paid them, and in corroboration of these facts the tax receipts (except one which she testified had been loaned appellant) were introduced in evidence.   These receipts on their face showed payment to have been made by appellant's father and mother.   Mrs. Wiley further testified that no claim had ever been made by appellant that he was the owner of the property, until, tired by his refusal to pay rents which were necessary for her subsistence, she gave him a notice for the purpose of terminating his possession.   She also testified that in 1883 the appellant with his family left the aforesaid land and went to Denver with no intention of returning, and remained absent from March till August, when he returned.   This witness also testified that there was never a year, after the appellant was placed upon the 160 acres which he now claims, that his father, until his death, did not crop a part of it.   There is involved in this action solely the right of the appellant to deprive his mother, during her lifetime, of the rent, upon which she is largely dependent for her means of support.   The district court very justly, and, upon consideration of all the evidence, very correctly, found adversely to appellant.   Its judgment is accordingly, therefore,

AFFIRMED.